No. 24-30177

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

PHILLIP CALLAIS, et al.,
*Plaintiffs-Appellees,*

v.

NANCY LANDRY, in her official capacity as Louisiana Secretary of State,
*Defendant-Appellee,*

v.

STATE OF LOUISIANA,
*Intervenor-Defendant-Appellee,*

v.

PRESS ROBINSON, et al.,
*Intervenor-Defendants-Appellees,*

v.

EDWARD GALMON, SR., et al.,
*Movants-Appellants.*

On Appeal from the United States District Court
for the Western District of Louisiana
(Case No. 3:24-cv-00122-DCJ-CES-RRS)

## *GALMON* MOVANTS-APPELLANTS'
## MOTION TO EXPEDITE APPEAL

*(Counsel listed on next page)*

J.E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road,
Building One
Baton Rouge, Louisiana 70810
(225) 236-3636

Abha Khanna
ELIAS LAW GROUP LLP
1700 Seventh Avenue,
Suite 2100
Seattle, Washington 98101
(206) 656-0177

Lalitha D. Madduri
Jacob D. Shelly
Daniel Cohen
Qizhou Ge
ELIAS LAW GROUP LLP
250 Massachusetts Avenue, NW
Suite 400
Washington, D.C. 20001
(202) 968-4490

*Counsel for the* Galmon *Movants-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

## *Callais, et al. v. Landry, et al.*, Case No. 24-30177

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**A. *Galmon* Movants-Appellants:**

1. Edward Galmon, Sr.

2. Ciara Hart

3. Norris Henderson

4. Tramelle Howard

5. Ross Williams

**B. Counsel for *Galmon* Movants-Appellants:**

1. Abha Khanna

2. Daniel Cohen

3. Jacob D. Shelly

4. Lalitha Madduri

5. Qizhou Ge

6. Joseph E. Cullens, Jr.

7. Andrée Matherne Cullens

8. S. Layne Lee

9. Elias Law Group LLP

10. Walters, Thomas, Cullens, LLC

**C. Plaintiffs-Appellees:**

1. Phillip Callais

2. Lloyd Price

3. Bruce Odell

4. Elizabeth Ersoff

5. Albert Caissie

6. Daniel Weir

7. Joyce Lacour

8. Candy Carroll Peavy

9. Tanya Whitney

10. Mike Johnson

11. Grover Joseph Rees

12. Rolfe McCollister

**D. Counsel for Plaintiffs-Appellees:**

1. Paul L. Hurd

2. Edward D. Greim

3. Jackson Tyler

4. Katherine Graves

5. Matthew R. Mueller

6. Paul Loy Hurd, APLC

7. Graves Garrett Greim LLC

**E. Defendants-Appellees:**

1. Nancy Landry, in her official capacity as Louisiana Secretary of State

2. State of Louisiana

3. Press Robinson

4. Edgar Cage

5. Dorothy Nairne

6. Edwin Rene Soule

7. Alice Washington

8. Clee Earnest Lowe

9. Davante Lewis

10. Martha Davis

11. Ambrose Sims

12. National Association for the Advancement of Colored People Louisiana State Conference

13. Power Coalition for Equity & Justice

**F. Counsel for Defendant-Appellee Secretary of State Nancy Landry:**

1. John Carroll Walsh

2. Alyssa M. Riggins

3. Cassie A. Holt

4. Phillip J. Strach

5. Thomas A. Farr

6. Shows, Cali & Walsh, L.L.P.

7. Nelson Mullins Riley & Scarborough LLP

**G. Counsel for Intervenor-Defendant-Appellee State of Louisiana:**

1. Morgan Elizabeth Brungard

2. Carey T. Jones

3. Jason B. Torchinsky

4. Phillip M. Gordon

5. Brennan A.R. Bowen

6. Zack Henson

7. LA Atty General's Office

8. Holtzman Vogel Baran Torchinsky & Josefiak, PLLC

## H. Counsel for Robinson Intervenor-Defendants-Appellees

1. John N. Adcock

2. Adam P. Savitt

3. Amitav Chakraborty

4. Arielle B. McTootle

5. Colin Burke

6. Daniel Hessel

7. Dayton Campbell-Harris

8. I. Sara Rohani

9. Jonathan Hurwitz

10. Kathryn C. Sadasivan

11. Megan C. Keenan

12. Neil Chitrao

13. Nora Ahmed

14. R. Jared Evans

15. Robert A. Atkins

16. Robert Klein

17. Sarah Brannon

18. Sophia Lin Lakin

19. Stuart Naifeh

20. T. Alora Thomas-Lundborg

21. Tracie L. Washington

22. Victoria Wenger

23. Yahonnes Cleary

24. Adcock Law

25. NAACP Legal Defense & Education Fund

26. Harvard Law School

27. American Civil Liberties Union Foundation

28. ACLU Foundation of Louisiana

29. Paul, Weiss, Rifkind, Wharton & Garrison LLP


*/s/ Abha Khanna*
Abha Khanna

*Counsel for* Galmon *Movants-Appellants*

# MOTION TO EXPEDITE APPEAL

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Rule 27.5 of the Rules and Internal Operating Procedures of the U.S. Court of Appeals for the Fifth Circuit, Edward Galmon, Sr., Ciara Hart, Norris Henderson, Tramelle Howard, and Ross Williams (collectively, "*Galmon* Movants") respectfully move to expedite their appeal from an order of the U.S. District Court for the Western District of Louisiana denying their motion to intervene.

This redistricting litigation is racing towards final judgment in the district court based on the Secretary of State's stated deadline of May 15, 2024, as the date by which congressional district lines must be finalized for implementation in the November 2024 congressional elections. Accordingly, expedited briefing and resolution of this appeal is appropriate to conserve judicial resources and to facilitate smooth election administration. Trial is scheduled to commence on April 8, 2024—a decision by that date would spare the district court and parties the time and expense of redoing proceedings with *Galmon* Movants' participation if this appeal is successful. In any event, a decision by early May would avoid the confusion that could attend if the validity of the

trial court's proceedings remains in doubt after the Secretary's May 15 deadline.

*Galmon* Movants therefore request the following expedited briefing schedule:

Appellants' Opening Brief: March 25, 2024

Appellees' Response Brief: April 1, 2024

Appellants' Reply Brief: April 3, 2024

On March 19, undersigned counsel contacted counsel for each party regarding their position on this motion. On March 20, counsel for Intervenor-Defendants Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, the National Association for the Advancement of Colored People Louisiana State Conference, and the Power Coalition for Equity and Justice (collectively, "*Robinson* Intervenors"), indicated they do not oppose this motion. Counsel for Plaintiffs, Defendant Secretary of State, and Intervenor-Defendant State of Louisiana take no position on the motion to expedite and desire to avoid displacing the district court's pretrial deadlines and trial dates.

# BACKGROUND

On March 30, 2022, four of the five *Galmon* Movants—Mr. Galmon, Ms. Hart, Mr. Henderson, and Mr. Howard—filed a complaint in the Middle District of Louisiana challenging Louisiana's then-operative congressional districting plan as a violation of the Voting Rights Act because it unjustifiably diluted the votes of Black Louisianians. *See* Compl., *Galmon v. Ardoin*, No. 3:22-cv-00214-BAJ-RLB (M.D. La. Mar. 30, 2022), ECF No. 1. *Robinson* Intervenors had filed a similar complaint only minutes earlier, and the two actions were consolidated. *See* Order of Consolidation, *Robinson v. Ardoin*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 14, 2022), ECF No. 34. Both sets of plaintiffs sued Louisiana's Secretary of State, and the State of Louisiana and Louisiana's legislative leaders intervened in both cases to defend the challenged map. *See* Mots. to Intervene, *Galmon*, No. 3:22-cv-00214-BAJ-RLB(M.D. La. Apr. 2022), ECF Nos. 5, 15; Mots. to Intervene, *Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 2022), ECF Nos. 10, 30. For the entirety of the district court proceedings, the two sets of plaintiffs presented their cases in equal measure, calling and cross-examining witnesses, briefing arguments, and litigating appeals. Their efforts were successful: after the district

court determined that both sets of plaintiffs were likely to prevail on the merits of their claims, and a panel of this Court affirmed that conclusion, *see Robinson v. Ardoin*, 86 F.4th 574, 583 (5th Cir. 2023), Louisiana's legislature enacted Senate Bill 8, a new congressional districting plan that created two districts where Black voters have an opportunity to elect their candidates of choice. S.B. 8, 2024 Leg., First Extraordinary Sess. (La. 2024).

On January 31, 2024, Plaintiffs below filed their challenge to S.B. 8's constitutionality, naming as defendant the Secretary of State. *See* ECF No. 1. *Galmon* Movants moved to intervene as defendants on February 6. *See* ECF No. 10. The next day, *Robinson* Intervenors moved to intervene as defendants. *See* ECF No. 18. Weeks later, on February 20, the State of Louisiana moved to intervene as a defendant. *See* ECF No. 53. On February 26, the district court denied intervention to *Galmon* Movants; it granted intervention in part to *Robinson* Intervenors, allowing them to participate in any remedial phase, but not in the liability phase; and it granted the State's motion in full. *See* ECF No. 79.

The court determined that *Galmon* Movants and *Robinson* Intervenors each satisfied three of the four requirements for intervention

as of right: their motions were timely, the movants identified sufficient interests in the action, and those interests could be impaired by the litigation. *See* ECF No. 79 at 2, 4, 7. But the court held that the Secretary, in coordination with the State, would adequately represent the interests of *Galmon* Movants and *Robinson* Intervenors in the liability phase, and *Robinson* Intervenors would adequately represent *Galmon* Movants in the remedial phase. *Id.* at 4–7. The only basis that the district court provided for its conclusion that *Robinson* Intervenors could adequately represent *Galmon* Movants so as to deprive *Galmon* Movants of their right to intervene was that "the *Robinson* movants constitute the plaintiffs in the lead case of *Robinson v. Ardoin*, No. 3:22-cv-02111-SDD-SDJ, with which the suit filed by the *Galmon* plaintiffs was consolidated." *Id.* at 7–8. The court did allow that "movants may seek reconsideration of this ruling if they can establish adversity or collusion by the State." *Id.* at 7.

Plaintiffs moved for a preliminary injunction on February 7, and the Secretary and the State filed responses on February 27. *See* ECF Nos.

17, 82, 86.[1] The Secretary declined to defend the law at all, stating that she took "no position" on the merits of Plaintiffs' motion, but advised the court "that she and her department will need an approved congressional plan no later than May 15, 2024, in order to have sufficient time and resources needed to administer congressional elections in 2024 pursuant to the schedule for congressional elections mandated by both federal and state law." ECF No. 82 at 1–2. The State, in turn, filed a response, ECF No. 86, that failed to engage with the legislative record in this legislative-intent case; failed to highlight the legislature's explicitly political— rather than racial—motivations in enacting S.B. 8; and failed to challenge the lone expert report presented by Plaintiffs, which was submitted by *the same expert* that the State retained and cited in its efforts to defeat *Galmon* Movants' and *Robinson* Intervenors' claims in the Middle District litigation. *See* ECF No. 96-1 at 5–6, ECF No. 117 at 2–4.

---

[1] In their effort to hew to the court's briefing schedule, both *Galmon* Movants and *Robinson* Intervenors separately filed amicus briefs on this date opposing Plaintiffs' motion for preliminary injunction. *See* ECF Nos. 85, 87.

On March 1, *Galmon* Movants moved the district court to reconsider its order denying intervention, highlighting the State's conspicuously restrained defense of S.B. 8 as well as the fact that *Robinson* Intervenors will not adequately represent their interests in the remedial phase and, besides, *Robinson* Intervenors' later-in-time motion to intervene could not oust *Galmon* Movants' own right to intervene. *See* ECF No. 96-1 at 3–9. To keep pace with the quick litigation schedule, *Galmon* Movants sought expedited briefing on their motion for reconsideration. *See* ECF No. 100. Eight days after *Galmon* Movants filed their motion for reconsideration, *Robinson* Intervenors also moved for reconsideration of the order denying their intervention in the liability phase, along with a motion seeking expedited briefing. *See* ECF No. 103. On March 15, the district court granted in part *Robinson* Intervenors' motion for reconsideration and permitted them to present liability-phase evidence and argument on the merits, but it denied *Galmon* Movants' motion because (without further explanation), "the Court's analysis that their interest is adequately represented by the *Robinson* movants has not changed." ECF No. 114 at 2. *Galmon* Movants noticed their appeal on March 20. *See* ECF No. 125.

Under the district court's scheduling order, discovery and other trial preparations are currently underway. *See* ECF No. 63 at 1. A preliminary injunction hearing consolidated with trial on the merits will commence on April 8. *Id.*

## ARGUMENT

There is good cause to expedite this appeal. *See* 5th Cir. R. 27.5, 34.5, 47.7. *First*, an expedited appeal will conserve judicial resources. Every day of trial preparation—and soon, of trial itself—that is conducted without *Galmon* Movants' participation increases the likelihood that discovery or trial will have to be continued (or even repeated) if *Galmon* Movants succeed in this appeal and prove their right to participate as parties. *See, e.g.*, *Edwards v. City of Houston*, 78 F.3d 983, 1006 (5th Cir. 1996) (reversing denial of intervention and remanding with order to reopen discovery and conduct new hearing). As *Galmon* Movants will show in their opening brief, the district court misapplied Federal Rule of Civil Procedure 24, which provides for intervention as of right where elements uncontested below are satisfied, "unless existing parties adequately represent [the movants'] interest." Fed. R. Civ. P. 24(a)(2). When *Galmon* Movants moved to intervene, the *Robinson*

Intervenors were not an existing party—they were not even a proposed party—and thus their entirely hypothetical future participation could not defeat *Galmon* Movants' right to intervene.

Further, *Robinson* Intervenors will not, in fact, adequately represent *Galmon* Movants' interest. Because the *Robinson* Intervenors and the *Galmon* Movants reside in different parishes and, in some cases, entirely different regions of Louisiana, their interests in where Black-opportunity districts can and must be drawn—the central questions posed by the underlying action—necessarily diverge. Thus, and as *Galmon* Movants will further demonstrate in their merits briefing, a straightforward application of Rule 24 entitles *Galmon* Movants to participate in *all* proceedings below. As those proceedings are advancing quickly, expeditious resolution of this appeal will minimize waste and duplication.[2]

---

[2] At every turn, *Galmon* Movants have acted to minimize the amount of time that passes without their participation. They moved to intervene before the Defendant had even been served, *see* ECF No. 10 (motion to intervene), ECF No. 31 (notice of service); after their motion was denied, they promptly sought reconsideration (and expedited briefing), *see* ECF Nos. 96, 100; after reconsideration was denied, they noticed their appeal three business days later and now, again, seek expedited briefing.

*Second*, expediting this appeal will mitigate possible confusion for voters and avoid administrative complications for elections officials. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006); *Merrill v. Milligan*, 142 S. Ct. 879, 880–82 (2022) (Kavanaugh, J., concurring). Here is the risk: if the district court enjoins S.B. 8 and orders a new map *before* May 15, and this Court enters an order *after* May 15 recognizing *Galmon* Movants' right to participate in trial court proceedings, the parties are likely to dispute whether a map wrongfully entered by the district court without *Galmon* Movants' participation can be displaced in advance of the 2024 elections. The *Galmon* Movants are especially sensitive to this risk given that, notwithstanding their expeditious litigation of their Voting Rights Act challenge to the previous congressional map, they had to endure the 2022 congressional elections under a map that a federal court determined was likely unlawful. *See Ardoin v. Robinson*, 143 S. Ct. 2654 (2023) (mem.) (months after the 2022 elections, dismissing the writ of certiorari as improvidently granted and vacating the stay of the district court order enjoining Louisiana's congressional map). Expeditious resolution of this appeal will avoid that potential conflict. As long as any judgment entered in error below is vacated in advance of the Secretary's May 15 deadline,

the parties will not reasonably be able to argue that such an order risks chaos or confusion.

*Third*, no party will be prejudiced by expediting this case. The parties have already briefed the issues relevant to *Galmon* Movants' intervention in the district court, and *Galmon* Movants' proposed briefing schedule ensures that all briefing will be completed well in advance of trial. Indeed, the only position taken by the defendants and intervenor-defendants with respect to the present motion reflects a desire to avoid disruption of the case schedule. *See supra* 2. Granting this motion to expedite would serve that goal.

## CONCLUSION

The Court should expedite consideration of this appeal. *Galmon* Movants respectfully request the Court order Appellants' Opening Brief due by March 25, 2024; Appellees' Response Brief due by April 1, 2024; and Appellants' Reply Brief due by April 3, 2024.

Dated: March 25, 2024

J.E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road,
Building One
Baton Rouge, Louisiana 70810
(225) 236-3636

Respectfully submitted,

By: */s/ Abha Khanna*
Abha Khanna
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
(206) 656-0177

Lalitha D. Madduri
Jacob D. Shelly
Daniel Cohen
Qizhou Ge
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW
Suite 400
Washington, D.C. 20002
(202) 968-4490

*Counsel for* Galmon *Movants-
Appellants*

**CERTIFICATE OF CONFERENCE**

On March 19, 2024, counsel for *Galmon* Movants contacted counsel for each party regarding their position on this motion. On March 20, counsel for Intervenor-Defendants Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, the National Association for the Advancement of Colored People Louisiana State Conference, and the Power Coalition for Equity and Justice (collectively, "Robinson Intervenors"), indicated they do not oppose this motion. Counsel for Plaintiffs, Defendant Secretary of State, and Intervenor-Defendant State of Louisiana take no position on the motion to expedite and desire to avoid displacing the district court's pretrial deadlines and trial dates.

*/s/ Abha Khanna*
Abha Khanna

*Counsel for* Galmon *Movants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that counsel for Appellants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Abha Khanna*
Abha Khanna

*Counsel for* Galmon *Movants-Appellants*

## CERTIFICATE OF COMPLIANCE

This document contains 2082 words, excluding parts exempted by Federal Rule of Appellate Procedure 32(f), and is in compliance with the Court's June 28, 2023, Directive, ECF No. 242. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Abha Khanna*
Abha Khanna

*Counsel for* Galmon *Movants-Appellants*