No. 24-30177

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

PHILLIP CALLAIS; LLOYD PRICE; BRUCE ODELL; ELIZABETH
ERSOFF; ALBERT CAISSIE; DANIEL WEIR; JOYCE LACOUR;
CANDY CARROLL PEAVY; TANYA WHITNEY; MIKE JOHNSON;
GROVER JOSEPH REES; ROLFE MCCOLLISTER,
*Plaintiffs-Appellees,*

v.

NANCY LANDRY, in her official capacity as Louisiana Secretary of
State,
*Defendant-Appellee,*

v.

STATE OF LOUISIANA,
*Intervenor-Defendant-Appellee,*

v.

PRESS ROBINSON; EDGAR CAGE; DOROTHY NAIRNE; EDWIN
RENE SOULE; ALICE WASHINGTON; CLEE EARNEST LOWE;
DAVANTE LEWIS; MARTHA DAVIS; AMBROSE SIMS; NATIONAL
ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
LOUISIANA STATE CONFERENCE; POWER COALITION FOR
EQUITY AND JUSTICE,
*Intervenor-Defendants-Appellees,*

v.

EDWARD GALMON, SR.; CIARA HART; NORRIS HENDERSON;
TRAMELLE HOWARD; ROSS WILLIAMS,
*Movants-Appellants.*

On Appeal from the United States District Court
for the Western District of Louisiana
(Case No. 3:24-cv-00122-DCJ-CES-RRS)

## *GALMON* MOVANTS-APPELLANTS'
## OPENING BRIEF

*(Counsel listed on next page)*

J.E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road,
Building One
Baton Rouge, Louisiana 70810
(225) 236-3636

Abha Khanna
ELIAS LAW GROUP LLP
1700 Seventh Avenue,
Suite 2100
Seattle, Washington 98101
(206) 656-0177

Lalitha D. Madduri
Jacob D. Shelly
Qizhou Ge
Daniel Cohen
ELIAS LAW GROUP LLP
250 Massachusetts Avenue, NW
Suite 400
Washington, D.C. 20001
(202) 968-4490

*Counsel for* Galmon *Movants-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

## *Callais, et al. v. Landry, et al.*, No. 24-30177

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**A. *Galmon* Movants-Appellants:**

1. Edward Galmon, Sr.

2. Ciara Hart

3. Norris Henderson

4. Tramelle Howard

5. Ross Williams

**B. Counsel for *Galmon* Movants-Appellants:**

1. Abha Khanna

2. Daniel Cohen

3. Jacob D. Shelly

4. Lalitha Madduri

5. Qizhou Ge

6. Joseph E. Cullens, Jr.

7. Andrée Matherne Cullens

8. S. Layne Lee

9. Elias Law Group LLP

10. Walters, Thomas, Cullens, LLC

**C. Plaintiffs-Appellees:**

1. Phillip Callais

2. Lloyd Price

3. Bruce Odell

4. Elizabeth Ersoff

5. Albert Caissie

6. Daniel Weir

7. Joyce Lacour

8. Candy Carroll Peavy

9. Tanya Whitney

10. Mike Johnson

11. Grover Joseph Rees

12. Rolfe McCollister

**D. Counsel for Plaintiffs-Appellees:**

    1. Paul L. Hurd

    2. Edward D. Greim

    3. Jackson Tyler

    4. Katherine Graves

    5. Matthew R. Mueller

    6. Paul Loy Hurd, APLC

    7. Graves Garrett Greim LLC

**E. Defendants-Appellees:**

    1. Nancy Landry, in her official capacity as Louisiana Secretary of State

    2. State of Louisiana

    3. Press Robinson

    4. Edgar Cage

    5. Dorothy Nairne

    6. Edwin Rene Soule

    7. Alice Washington

    8. Clee Earnest Lowe

    9. Davante Lewis

10. Martha Davis

11. Ambrose Sims

12. National Association for the Advancement of Colored People Louisiana State Conference

13. Power Coalition for Equity & Justice

**F. Counsel for Defendant-Appellee Secretary of State Nancy Landry:**

1. John Carroll Walsh

2. Alyssa M. Riggins

3. Cassie A. Holt

4. Phillip J. Strach

5. Thomas A. Farr

6. Shows, Cali & Walsh, L.L.P.

7. Nelson Mullins Riley & Scarborough LLP

**G. Counsel for Intervenor-Defendant-Appellee State of Louisiana:**

1. Morgan Elizabeth Brungard

2. Carey T. Jones

3. Jason B. Torchinsky

4. Phillip M. Gordon

5. Brennan A.R. Bowen

6. Zachary Henson

7. LA Atty General's Office

8. Holtzman Vogel Baran Torchinsky & Josefiak, PLLC

## H. Counsel for Robinson Intervenor-Defendants-Appellees

1. John N. Adcock

2. Adam P. Savitt

3. Amitav Chakraborty

4. Arielle B. McTootle

5. Colin Burke

6. Daniel Hessel

7. Dayton Campbell-Harris

8. I. Sara Rohani

9. Jonathan Hurwitz

10. Kathryn C. Sadasivan

11. Megan C. Keenan

12. Neil Chitrao

13. Nora Ahmed

14. R. Jared Evans

15. Robert A. Atkins

16. Robert Klein

17. Sarah Brannon

18. Sophia Lin Lakin

19. Stuart Naifeh

20. T. Alora Thomas-Lundborg

21. Tracie L. Washington

22. Victoria Wenger

23. Yahonnes Cleary

24. Adcock Law

25. NAACP Legal Defense & Education Fund

26. Harvard Law School

27. American Civil Liberties Union Foundation

28. ACLU Foundation of Louisiana

29. Paul, Weiss, Rifkind, Wharton & Garrison LLP

*/s/ Abha Khanna*
Abha Khanna

*Counsel for* Galmon *Movants-Appellants*

**STATEMENT REGARDING ORAL ARGUMENT**

Consistent with their request for expedited resolution of this appeal, *Galmon* Movants waive oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................i

STATEMENT REGARDING ORAL ARGUMENT ................................vi

TABLE OF AUTHORITIES..................................................................ix

INTRODUCTION...............................................................................1

STATEMENT OF JURISDICTION.........................................................4

STATEMENT OF ISSUES...................................................................4

STATEMENT OF THE CASE ...............................................................5

SUMMARY OF ARGUMENT ...............................................................10

LEGAL STANDARD ..........................................................................13

ARGUMENT ....................................................................................15

    I.    When *Galmon* Movants moved to intervene, no "existing parties" adequately represented their interests. .....................16

    II.    *Robinson* Intervenors do not adequately represent *Galmon* Movants' interests. .....................................................21

        A.    *Robinson* Intervenors do not represent *Galmon* Movants in Section 2 litigation. ....................................22

        B.    *Robinson* Intervenors do not represent *Galmon* Movants' electoral interests. ..........................................23

CONCLUSION ..................................................................................26

# TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|

*ACLU of Mich. v. Trinity Health Corp.*,
No. 15-cv-12611, 2016 WL 922950 (E.D. Mich. Mar. 10, 2016) .................................................................................. 24

*Berry v. Ashcroft*,
No. 4:22-CV-00465-JAR, 2022 WL 1540287 (E.D. Mo. May 16, 2022) ...................................................................... 18

*Brumfield v. Dodd*,
749 F.3d 339 (5th Cir. 2014) ............................................... 15

*City of Houston v. Am. Traffic Sols., Inc.*,
668 F.3d 291 (5th Cir. 2012) ................................................. 4

*Coal. to Defend Affirmative Action, Integration & Immigr. Rts. & Fight for Equal. by any Means Necessary v. Granholm*,
240 F.R.D. 368 (E.D. Mich. 2006) ..................................... 20

*Dumont v. Lyon*,
No. 17-cv-13080, 2018 WL 8807229 (E.D. Mich. Mar. 22, 2018) .............................................................................. 11, 18

*Earthworks v. U.S. Dep't of Interior*,
No. 09 Civ.1972(HHK), 2010 WL 3063139 (D.D.C. Aug.3, 2010) ................................................................................ 20

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) ................................................... 4

*Friends of the Boundary Waters Wilderness v. U.S. Army Corps of Eng'rs*,
No. 19-cv-2493, 2020 WL 6262376
(D. Minn. Apr. 9, 2020) .......................................... 11, 17, 18

*Garfield County v. Biden*,
  No. 4:22-cv-00059-DN-PK, 2023 WL 2561539 (D. Utah
  March 17, 2023) .......................................................................... 19, 20

*Johnson v. Wis. Elections Comm'n*,
  No. 2021AP1450-OA (Wis. Oct. 14, 2021) ......................................... 19

*La Union del Pueblo Entero v. Abbott*,
  29 F.4th 299 (5th Cir. 2022) ................................................. 14, 15, 17

*In re Lease Oil Antitrust Litig.*,
  570 F.3d 244 (5th Cir. 2009) .............................................................. 15

*Miller v. Vilsack*,
  No. 21-11271, 2022 WL 851782 (5th Cir. Mar. 22, 2022) ........... 14, 15

*Mo. Coal. for Env't Found. v. Wheeler*,
  No. 2:19-cv-4215-NKL, 2020 WL 2331201 (W.D. Mo. May
  11, 2020) .......................................................................................... 19

*N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins.
  Co.*,
  898 F.3d 461 (5th Cir. 2018) .............................................................. 21

*Robinson v. Ardoin*,
  86 F.4th 574 (5th Cir. 2023) ................................................................ 6

*Safari Club Int'l v. Zinke*,
  No. 15-CV-01026 (RCL), 2017 WL 8222114 (D.D.C. May 2,
  2017) ................................................................................................ 24

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) .............................................................. 15

*Texas v. United States*,
  805 F.3d 653 (5th Cir. 2015) .............................................................. 15

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972) ..................................................................... 14, 15

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
834 F.3d 562 (5th Cir. 2016)............................................................. 15

**Statutes**

28 U.S.C. § 1291 .................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 24(a)(2) .................................................... *passim*

S.B. 8, 2024 Leg., First Extraordinary Sess. (La. 2024)........................... 6

## INTRODUCTION

Federal Rule of Civil Procedure 24 divests trial courts of any authority to deny intervention to timely movants who claim an interest that may be impaired by the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The district correctly found that Edward Galmon, Sr., Cierra Hart, Norris Henderson, Tramelle Howard, and Ross Williams ("*Galmon* Movants") filed a timely motion to intervene, and that the interests they claimed in Louisiana's congressional districting map could be impaired by the adjudication of Plaintiffs' racial gerrymandering challenge to that map. All that remained was an inquiry into whether the two existing parties— Plaintiffs and Defendant Nancy Landry, in her official capacity as Louisiana's Secretary of State—adequately represent *Galmon* Movants' interests. Neither does so. *Galmon* Movants are Black voters who seek to preserve both of the congressional districts created by Senate Bill 8 ("S.B. 8"), the current districting map, in which Black voters have an opportunity to elect candidates of their choice. Plaintiffs' lawsuit seeks to eliminate one of those opportunity districts, and the Secretary, who for the past two years vigorously opposed *Galmon* Movants' efforts to compel

a second Black-opportunity district, takes no position on the merits of Plaintiffs' action. Thus, a straightforward application of Rule 24 would have recognized *Galmon* Movants' right to intervene.

But the district court veered way off course: Instead of restricting its analysis to whether *Galmon* Movants' interests will be adequately represented by Plaintiffs and the Secretary—that is, by the "existing parties," Fed. R. Civ. P. 24(a)(2)—the court reviewed, with no justification and virtually no explanation, whether *Galmon* Movants' interests will be adequately represented by an entirely different group of voters and civil rights organizations (the "*Robinson* Intervenors") who filed their own motion to intervene *after Galmon* Movants had filed theirs. This was clear error in direct contravention of the Federal Rules' plain text. Nothing in Rule 24 requires movants to show that their interests may be inadequately represented by other proposed parties.

Moreover, even if Rule 24 did require *Galmon* Movants to show that their interests may not be adequately represented by other proposed intervenors, they have satisfied that burden with respect to the *Robinson* Intervenors. Plaintiffs' action implicates two interests: (1) whether Louisiana's congressional map will include a second Black-opportunity

congressional district, and (2) where Louisiana's Black-opportunity districts may properly be drawn. *Robinson* Intervenors and four of the five *Galmon* Movants share the first interest, as they jointly litigated Louisiana's obligations under Section 2 of the Voting Rights Act to create a second Black-opportunity district. Dr. Williams, however, did not participate in that litigation. His interest, which remains unique from any party to this case, is in the preservation of S.B. 8's Congressional District 6, the Black-opportunity district spanning central Louisiana that encompasses his home in Natchitoches Parish. Moreover, Mr. Galmon and Mr. Henderson also live and vote in parishes in which no *Robinson* Intervenor resides. Thus, even under the district court's improper comparison of interests between proposed intervenors, at least some *Galmon* Movants remain entitled to intervention.

The Court should reverse the denial of intervention, vacate district court proceedings that have occurred without *Galmon* Movants' participation, and remand so that *Galmon* Movants may defend their interests in all phases of this litigation.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1291 to hear this appeal of the district court's February 26, 2024, order denying *Galmon* Movants' motion to intervene as of right, and of the district court's subsequent March 15, 2024, denial of *Galmon* Movants' motion to reconsider that order. *See Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc) ("The denial of a motion to intervene of right is an appealable final order under 28 U.S.C. § 1291."); *accord, e.g.*, *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012). *Galmon* Movants timely filed their notice of appeal on March 20, 2024. *See* ECF No. 125.

## STATEMENT OF ISSUES

1.     Whether the district court erred by denying *Galmon* Movants intervention as of right on the basis of purportedly adequate representation by other proposed intervenors who were not existing parties when *Galmon* Movants moved to intervene.

2.     Whether the district court erred by denying *Galmon* Movants intervention as of right on the basis of purportedly adequate

representation by intervenors who have different interests in the location of the Black-opportunity congressional districts at issue.

## STATEMENT OF THE CASE

On March 30, 2022, four of the five *Galmon* Movants—Mr. Galmon, Ms. Hart, Mr. Henderson, and Mr. Howard—filed a complaint in the Middle District of Louisiana challenging Louisiana's then-operative congressional districting plan as a violation of the Voting Rights Act because it unjustifiably diluted the votes of Black Louisianians. *See* Compl., *Galmon v. Ardoin*, No. 3:22-cv-00214-BAJ-RLB (M.D. La. Mar. 30, 2022), ECF No. 1. *Robinson* Intervenors had filed a similar complaint only minutes earlier, and the two actions were consolidated. *See* Order of Consolidation, *Robinson v. Ardoin*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 14, 2022), ECF No. 34. Both sets of plaintiffs sued Louisiana's Secretary of State, and the State of Louisiana and Louisiana's legislative leaders intervened in both cases to defend the challenged map. *See* Mots. to Intervene, *Galmon*, No. 3:22-cv-00214-BAJ-RLB (M.D. La. Apr. 2022), ECF Nos. 5, 15; Mots. to Intervene, *Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 2022), ECF Nos. 10, 30. For the entirety of the district court proceedings, the two sets of plaintiffs presented their cases in equal

measure, calling and cross-examining witnesses, briefing arguments, and litigating appeals. Their efforts were successful: after the district court determined that both sets of plaintiffs were likely to prevail on the merits of their claims, and a panel of this Court affirmed that conclusion, *see Robinson v. Ardoin*, 86 F.4th 574, 583 (5th Cir. 2023), Louisiana's legislature enacted Senate Bill 8, a new congressional districting plan that created two districts where Black voters have an opportunity to elect their candidates of choice, *see* S.B. 8, 2024 Leg., First Extraordinary Sess. (La. 2024).

On January 31, 2024, Plaintiffs below filed their challenge to S.B. 8's constitutionality, naming as defendant the Secretary of State. *See* ECF No. 1.[1] *Galmon* Movants moved to intervene as defendants on February 6. *See* ECF No. 10, RE.058–075. The next day, *Robinson* Intervenors moved to intervene as defendants. *See* ECF No. 18. Weeks later, on February 20, the State of Louisiana moved to intervene as a

---

[1] Because the Record on Appeal was not available at the time of this filing, *Galmon* Movants cite directly to the district court docket. *Galmon* Movants have included as record excerpts their motion to intervene and their motion to reconsider, and the district court orders denying those two motions, and they cite to those excerpts, where appropriate, in the format "RE.***."

defendant. *See* ECF No. 53. On February 26, the district court denied intervention to *Galmon* Movants; it granted intervention in part to *Robinson* Intervenors, allowing them to participate in any remedial phase, but not in the liability phase; and it granted the State's motion in full. *See* ECF No. 79, RE.045–053.

The court determined that *Galmon* Movants and *Robinson* Intervenors each satisfied three of the four requirements for intervention as of right: their motions were timely, the movants identified sufficient interests in the action, and those interests could be impaired by the litigation. *See* ECF No. 79 at 2, 4, 7, RE.046, 048, 051. But the court held that the Secretary, in coordination with the State, would adequately represent the interests of *Galmon* Movants and *Robinson* Intervenors in the liability phase, and that *Robinson* Intervenors would adequately represent *Galmon* Movants in any remedial phase. *Id.* at 4–7. The only basis that the district court provided for its conclusion that *Robinson* Intervenors could adequately represent *Galmon* Movants so as to deprive *Galmon* Movants of their right to intervene was that "the *Robinson* movants constitute the plaintiffs in the lead case of *Robinson v. Ardoin*, No. 3:22-cv-02111-SDD-SDJ, with which the suit filed by the *Galmon*

plaintiffs was consolidated." *Id.* at 7–8. The court allowed "movants [to] seek reconsideration of this ruling if they can establish adversity or collusion by the State." *Id.* at 7.

Plaintiffs moved for a preliminary injunction on February 7, and the Secretary and the State filed responses on February 27. *See* ECF Nos. 17, 82, 86.[2] The Secretary declined to defend the law at all, stating that she took "no position" on the merits of Plaintiffs' motion, and advised the court "that she and her department will need an approved congressional plan no later than May 15, 2024, in order to have sufficient time and resources needed to administer congressional elections in 2024 pursuant to the schedule for congressional elections mandated by both federal and state law." ECF No. 82 at 1–2. The State, in turn, filed a response, ECF No. 86, that failed to engage with the legislative record in this legislative-intent case; failed to highlight the legislature's explicitly political— rather than racial—motivations in enacting S.B. 8; and failed to challenge the sole expert report presented by Plaintiffs, which was

_____

[2] In their effort to hew to the court's briefing schedule, both *Galmon* Movants and *Robinson* Intervenors separately filed amicus briefs on this date opposing Plaintiffs' motion for preliminary injunction. *See* ECF Nos. 85, 87.

submitted by *the same expert* that the State retained and cited in its efforts to defeat *Galmon* Movants' and *Robinson* Intervenors' claims in the Middle District litigation. *See* ECF No. 96-1 at 5–6, RE.083–084, ECF No. 117 at 2–4.

On March 1, *Galmon* Movants moved the district court to reconsider its order denying intervention. *See* ECF No. 96. *Galmon* Movants highlighted the State's conspicuously restrained defense of S.B. 8; they explained that *Robinson* Intervenors will not adequately represent their interests in the remedial phase; and they pointed out that *Robinson* Intervenors' later-in-time motion to intervene could not oust *Galmon* Movants' own right to intervene. *See* ECF No. 96-1 at 3–9, RE.081–087. To keep pace with the quick litigation schedule, *Galmon* Movants sought expedited briefing on their motion for reconsideration. *See* ECF No. 100. Eight days after *Galmon* Movants filed their motion for reconsideration, *Robinson* Intervenors also moved for reconsideration of the order denying their intervention in the liability phase, along with a motion seeking expedited briefing. *See* ECF No. 103.

On March 15, the district court granted in part *Robinson* Intervenors' motion for reconsideration and permitted them to present

liability-phase evidence and argument on the merits, but it denied *Galmon* Movants' motion because (without further explanation), "the Court's analysis that their interest is adequately represented by the *Robinson* movants has not changed." ECF No. 114 at 2, RE.055. *Galmon* Movants noticed their appeal on March 20. *See* ECF No. 125, RE.042–044.

Under the district court's scheduling order, discovery and other trial preparations are currently underway. *See* ECF No. 63 at 1. A preliminary injunction hearing consolidated with trial on the merits will commence on April 8. *Id.*

## SUMMARY OF ARGUMENT

The district court denied intervention to *Galmon* Movants because it determined that *Robinson* Intervenors adequately represent *Galmon* Movants' interests. *See* ECF No. 79 at 7, RE.051; ECF No. 114 at 2, RE.055; *cf.* Fed. R. Civ. P. 24(a)(2) (court may deny intervention where "existing parties adequately represent [the movant's] interest"). But *Robinson* Intervenors were not existing parties when *Galmon* Movants moved to intervene, and *Robinson* Intervenors do not adequately represent *Galmon* Movants' interests.

The interests of proposed intervenors must be compared to "existing parties," Fed. R. Civ. P. 24(a)(2), a set that is necessarily limited to named parties and any party that is joined or granted intervention before the motion to intervene at issue is filed. *See, e.g.*, *Friends of the Boundary Waters Wilderness v. U.S. Army Corps of Eng'rs*, No. 19-cv-2493 (PJS/LIB), 2020 WL 6262376, at *12 (D. Minn. Apr. 9, 2020); *Dumont v. Lyon*, No. 17-cv-13080, 2018 WL 8807229, at *7 (E.D. Mich. Mar. 22, 2018). There is no basis in Rule 24's plain text for the district court's requirement—imposed by a federal court possibly for the first time ever—that a proposed intervenor's interests must be unique from those claimed by a *subsequent proposed intervenor*. Because *Robinson* Intervenors were not existing parties when *Galmon* Movants moved to intervene, and, in any event, *Galmon* Movants' intervention motion was filed before *Robinson* Intervenors' motion, the district court erred by excluding *Galmon* Movants on the grounds that their interests were adequately represented by an existing party.

The district court further erred because *Robinson* Intervenors do not, in fact, adequately represent *Galmon* Movants' interests. The district court never explained its reasoning or analysis for this assertion,

but the court's observations that appear to be relevant to its conclusion are factually mistaken.

*First*, the district court remarked that "the *Robinson* movants constitute the plaintiffs in the lead case of *Robinson v. Ardoin*, No. 3:22-cv-02111-SDD-SDJ, with which the suit filed by *Galmon* plaintiffs was consolidated." ECF No. 79 at 7–8, RE.051–052. This statement seems to assume that *Robinson* Intervenors played a "lead" role in the Section 2 challenge, which could warrant their doing the same here. There is nothing in the record to support that conclusion, however, as it is false; the *Galmon* plaintiffs and *Robinson* plaintiffs played equal roles in every stage of that action, and the case caption reflects only that *Robinson* plaintiffs filed their complaint minutes before *Galmon* plaintiffs filed their own. That timing reveals nothing about adequacy of representation.

*Second*, the court recognized that *Galmon* Movants and *Robinson* Intervenors "have an interest in furthering their litigation objectives," referring to the Middle District of Louisiana action where many of the proposed intervenors challenged Louisiana's previous congressional districting plan under Section 2 of the Voting Rights increAct. ECF No. 79 at 6, RE.050. But one of the *Galmon* Movants, Dr. Ross Williams, was

not a party to that litigation—his interest is in defending and preserving a Black-opportunity district that includes his residence in Natchitoches Parish, and no other proposed intervenor or party is a voter from Natchitoches Parish who shares that interest. Similarly, *Galmon* Movants Mr. Galmon and Mr. Henderson are the only proposed intervenors who live in St. Helena Parish and Orleans Parish, respectively, and their interests in securing voting opportunities in those parishes remain unrepresented in this litigation.

In short, the district court emphasized the filing order of complaints in a *different case* brought by only a *subset* of the movants here, an analysis that is several steps removed from any test imposed by Rule 24(a)'s authorization for intervention as of right. And the district court altogether ignored the filing order of motions to intervene in *this* case, which *is* directly relevant to the "existing parties" prong at issue. This legal error requires reversal.

## LEGAL STANDARD

A proposed party may intervene as of right where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Proposed Intervenors "'need not show that the representation by existing parties will be, for certain, inadequate,' but instead that it may be inadequate." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 307–08 (5th Cir. 2022) (cleaned up) (reversing denial of intervention). (quoting *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (reversing denial of intervention)). The Supreme Court has explained that "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972) (reversing denial of intervention).

"It is the movant's burden to establish the right to intervene, but Rule 24 is to be liberally construed." *La Union del Pueblo Entero*, 29 F.4th at 305; *see also see Miller v. Vilsack*, No. 21-11271, 2022 WL 851782, at *4 (5th Cir. Mar. 22, 2022) (reversing denial of intervention and noting Fifth Circuit's "broad policy favoring intervention"). This Court takes the movant's factual allegations as true and reviews the denial of a right to intervene *de novo. La Union del Pueblo Entero*, 29 F.4th at 305.

# ARGUMENT

The district court misconstrued Rule 24 and misapplied its standard several times over. It invented a preposterous test whereby a proposed party's motion to intervene must explain why the movant is not adequately represented by nonparties who have not even filed for intervention when movants filed their motion, let alone been granted intervention. Its one-sentence explanation of why *Galmon* Movants failed to carry this extraordinary burden was factually mistaken. And it flouted this Court's admonition, in case after case, that district courts must resolve any doubts "in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009) (reversing denial of intervention); *see also Trbovich*, 404 U.S. at 538–39 (reversing denial of intervention where district court improperly concluded proposed intervenor was adequately represented by existing parties); *La Union del Pueblo Entero*, 29 F.4th at 308–09 (same); *Miller*, 2022 WL 851782, at *2–3 (same); *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) (same); *Texas*, 805 F.3d at 662–63 (same); *Brumfield v. Dodd*, 749 F.3d 339, 345–46 (5th Cir. 2014) (same); *Sierra Club v. Espy*, 18 F.3d 1202, 1207–08 (5th Cir. 1994) (same).

**I.   When *Galmon* Movants moved to intervene, no "existing parties" adequately represented their interests.**

The only existing parties to the underlying action on February 6, 2024, when *Galmon* Movants moved to intervene as defendants, were Plaintiffs and the Secretary of State. Plaintiffs obviously do not represent the interests of proposed defendants who seek to defeat their claims. And while the district court initially presumed that the Secretary, in conjunction with the State of Louisiana, might adequately represent the interests of private parties seeking to defend S.B. 8, it appropriately recognized that not to be the case after the Secretary and the State filed their restrained responses to Plaintiffs' motion for preliminary injunction. *See* ECF No. 114 at 2, RE.055. Because the district court correctly determined that *Galmon* Movants satisfy the remaining elements for intervention as of right, *see* ECF No. 79 at 7, RE.051, the conclusion of inadequate representation by Plaintiffs and the Secretary should have conclusively resolved the matter in favor of granting intervention.

Instead, the district court determined that *Galmon* Movants had failed to establish inadequate representation by some other group—the *Robinson* Intervenors. But not only were *Robinson* Intervenors not

existing parties when *Galmon* Movants moved to intervene; they were not even proposed intervenors. *See* ECF No. 10, RE.070–072 (*Galmon* Movants' February 6 motion to intervene); ECF No. 18 (*Robinson* Intervenors' February 7 motion to intervene). There is no plausible reading of Rule 24's use of the term "existing parties"—let alone a reading consistent with the requisite liberal construction that district courts must apply in favor of proposed intervenors, *see La Union del Pueblo Entero v. Abbott*, 29 F.4th at 305—that could require movants to show that their interests are not adequately represented by other potential parties who have yet to even seek, let alone be granted, intervention.

Indeed, undersigned counsel is not aware of any federal court that has denied intervention to a proposed party on the basis that the proposed party's interests would be adequately represented by a later-in-time movant for intervention. In the rare instances where this is even contemplated, courts have expressly rejected the invitation. In *Friends of the Boundary Waters Wilderness*, 2020 WL 6262376, for example, the district court recognized that "Plaintiffs fail to highlight any case in which a Court denied a motion to intervene based on a proposed intervenor's interest arguably being adequately protected by another

proposed intervenor." *Id.* at *12. "Instead, the Courts have held that a proposed intervenor is required to demonstrate its interest is not adequately protected by <u>existing</u> parties." *Id.* (underline in original); *see also id.* (emphasizing again, "[b]esides Plaintiffs, . . . the only <u>existing</u> parties to the present action are Defendants," and not other proposed intervenors); *Dumont*, 2018 WL 8807229, at *7 (holding that when "motion to intervene was filed, the only comparator[s] for purposes of analyzing the adequacy of representation" were the named defendants, not other proposed intervenors).

Accordingly, the district court's concern that *Galmon* Movants and *Robinson* Intervenors share interests was entirely irrelevant to the Rule 24 inquiry. Because those interests are not represented by Plaintiffs or the named Defendant, intervention as of right should have been granted equally to *Galmon* Movants and *Robinson* Intervenors. Indeed, multiple groups of voters are regularly permitted to intervene in redistricting actions, particularly where, as here, both groups include "litigants in parallel [federal] court suits." *Berry v. Ashcroft*, No. 4:22-CV-00465-JAR, 2022 WL 1540287, *1–3 (E.D. Mo. May 16, 2022) (granting intervention to two groups of voters who were simultaneously litigating a related

action); *see also, e.g.*, Order, *Johnson v. Wis. Elections Comm'n*, No. 2021AP1450-OA (Wis. Oct. 14, 2021) (granting intervention to multiple groups of concerned voters in redistricting action under Wisconsin analog to Rule 24).[3] If the district court desired to minimize duplicative argument, it could have simply ordered *Galmon* Movants and *Robinson* Intervenors to "confer with each other to consolidate their briefings so as to avoid duplicative arguments" where their interests overlap. ECF No. 79 at 8, RE.052 (ordering Secretary Landry and the State to do precisely this).

Alternatively, the district court should have considered—and thus granted—*Galmon* Movants' intervention motion before rejecting *Robinson* Intervenors' motion. Where two groups have sought intervention, "[i]t is only logical to consider each motion to intervene individually and in the order which it was filed." *Garfield County v. Biden*, No. 4:22-cv-00059-DN-PK, 2023 WL 2561539, at *4 (D. Utah March 17, 2023) (granting first-filed motion to intervene); *see also Mo. Coal. for Env't Found. v. Wheeler*, No. 2:19-cv-4215-NKL, 2020 WL

---

[3] Available at
https://acefiling.wicourts.gov/document/uploaded/2021AP001450/443131

2331201, at *9 (W.D. Mo. May 11, 2020) (resolving motions to intervene from two proposed parties with shared interests by granting first-filed motion). This approach is consistent with courts' practice of denying intervention where the interests of a movant are adequately represented by another intervenor that was *already granted intervention* before the denied movant filed its motion to intervene—thus rendering the first intervenor an "existing party" at the time the denied movant sought intervention. *See, e.g., Garfield County*, 2023 WL 2561539, at *4; *Earthworks v. U.S. Dep't of Interior*, No. 09 Civ.1972(HHK), 2010 WL 3063139, *1 (D.D.C. Aug.3, 2010); *Coal. to Defend Affirmative Action, Integration & Immigr. Rts. & Fight for Equal. by any Means Necessary v. Granholm*, 240 F.R.D. 368, 376 (E.D. Mich. 2006).

Given its belief that *Galmon* Movants and *Robinson* Intervenors share interests, the district court had two options: grant intervention to both proposed parties, or grant intervention to *Galmon* Movants alone. Denying intervention to *Galmon* Movants, the first proposed intervenors who were not adequately represented by any named party, was reversible error.

## II. *Robinson* Intervenors do not adequately represent *Galmon* Movants' interests.

After assuming without any analysis that *Robinson* Intervenors were an existing party for purposes of Rule 24, the district court concluded without any explanation that *Robinson* Intervenors adequately represent *Galmon* Movants' interests. *See* ECF No. 79 at 7–8, RE.051–052 (*ipse dixit*); ECF No. 114 at 2, RE.055 (same). This, too, was reversible error. *Cf. N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (reversing district court for failure to explain its reasoning for denying leave to amend in light of presumption in favor of allowing pleading amendments). *Galmon* Movants' motion to intervene identified interests in (1) "secur[ing] the fruits of the victory that [four of them] achieved over the Secretary's opposition in the Middle District [Voting Rights Act] action," and (2) "vindicat[ing] their own electoral opportunities." ECF No. 10 at 11, RE.072. *Robinson* Intervenors do not adequately represent either interest.

**A.** ***Robinson*** **Intervenors do not represent** ***Galmon*** **Movants in Section 2 litigation.**

The district court correctly credited *Galmon* Movants' and *Robinson* Intervenors' interests in defending the second Black-opportunity district they obtained through their successful Section 2 litigation in the Middle District of Louisiana, *see* ECF No. 79 at 6, RE.050, but it erred in appearing to conclude that *Robinson* Intervenors represented *Galmon* Movants in that litigation. In its order denying intervention, the district court provided only a single sentence purporting to explain why *Robinson* Intervenors adequately represent *Galmon* Movants' interests. The *Robinson* Intervenors, the court said, "constitute the plaintiffs in the lead case of *Robinson v. Ardoin*, No. 3:22-cv-02111-SDD-SDJ, with which the suit filed by the *Galmon* plaintiffs was consolidated." ECF No. 79 at 7–8, RE.051–052.[4] The perceived relevance of this observation is unclear.

*First*, the fact that *Robinson* Intervenors were existing parties to their Section 2 case before *Galmon* plaintiffs filed their own Section 2 action cannot substitute for the fact that *Robinson* Intervenors were not

---

[4] The district court did not provide any further explanation in its order denying *Galmon* Movants' motion to reconsider the order denying intervention. *See* ECF No. 114 at 2, RE.055.

parties to *this* action when *Galmon* Movants filed their motion to intervene. *Second*, the fact that *Robinson* Intervenors litigated a related case with Mr. Galmon, Ms. Hart, Mr. Henderson, and Mr. Howard reveals nothing about *Robinson* Intervenors' representation of Dr. Williams' interests, as Dr. Williams was not a party to that litigation. And *third*, the fact that *Robinson v. Ardoin* was the "lead case" for purposes of consolidation mattered only for the judicial assignment and case caption. The Middle District court never designated either plaintiff group as the "lead plaintiff," and the court permitted equal participation by both plaintiff groups in all phases of litigation. The two plaintiff groups were comprised of different voters, engaged different experts who conducted different analyses, submitted different illustrative maps, and represented their distinct interests in court throughout the two years of litigation. The district court's stray observation about consolidation does not defeat *Galmon* Movants' right to intervene under Rule 24(a).

## B. *Robinson* Intervenors do not represent *Galmon* Movants' electoral interests.

The district court ignored *Galmon* Movants' asserted electoral interests altogether. *See* ECF No. 79 at 7–8, RE.051–052. The unrepresented nature of those interests should be beyond dispute: each

*Galmon* Movants' ability to elect congressional candidates of his or her choice turns on whether their home parishes are drawn into Black-opportunity districts, and most *Galmon* Movants do not reside in the same parish as any *Robinson* Intervenor:

| *Galmon* Movants | |
|---|---|
| **Name** | **Parish** |
| Galmon | St. Helena |
| Hart | East Baton Rouge |
| Henderson | Orleans |
| Howard | East Baton Rouge |
| Williams | Natchitoches |

| *Robinson* Intervenors | |
|---|---|
| **Name** | **Parish** |
| Robinson | East Baton Rouge |
| Cage | East Baton Rouge |
| Nairne | Assumption |
| Soule | Tangipahoa |
| Washington | East Baton Rouge |
| Lowe | East Baton Rouge |
| Lewis | East Baton Rouge |
| Davis | East Baton Rouge |
| Sims | West Feliciana |

Still today, no party to any phase of this litigation maintains an interest in drawing St. Helena Parish, Orleans Parish, or Natchitoches Parish—home to Mr. Galmon, Mr. Henderson, and Dr. Williams, respectively—into a Black-opportunity district. Because any remedial phase, if necessary, will determine the placement of any Black-

opportunity districts, it is critical that, at the very least, these three Movants are able to participate in that phase as parties.[5]

It is equally imperative that Dr. Williams have access to the liability phase. S.B. 8 created a new Black-opportunity district that stretches across the center of the state from Shreveport through Natchitoches to Baton Rouge. Plaintiffs challenge this particular configuration as unconstitutional, and thus, if they succeed at the liability phase, they will necessarily deprive Dr. Williams of the one configuration that protects his personal electoral interests. Even as a remedial phase may offer opportunities for parties to offer *other* configurations of Black-opportunity districts—such as the illustrative district proposed in the Section 2 litigation, grouping Baton Rouge with eastern Louisiana parishes along the Mississippi River— benefiting *other* intervenors, the opportunity for a district protecting Dr. Williams's interests will have been extinguished.

---

[5] Where only a subset of joint movants are entitled to intervene, courts grant intervention to the qualifying subset rather than deny intervention altogether. *See, e.g.*, *Safari Club Int'l v. Zinke*, No. 15-CV-01026 (RCL), 2017 WL 8222114, at *7 (D.D.C. May 2, 2017); *ACLU of Michigan v. Trinity Health Corp.*, No. 15-cv-12611, 2016 WL 922950, at *4–5 (E.D. Mich. Mar. 10, 2016).

## CONCLUSION

*Galmon* Movants' interests are not adequately represented by any existing party to this litigation—not when they moved for intervention, and still not now. The Court should reverse the district court's denial of intervention, vacate any district court orders that were entered without *Galmon* Movants' participation, and remand so that *Galmon* Movants may defend their interests in all phases of this litigation.

Dated: March 25, 2024

Respectfully submitted,

J.E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road,
Building One
Baton Rouge, Louisiana 70810
(225) 236-3636

By: */s/ Abha Khanna*
Abha Khanna
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
(206) 656-0177

Lalitha D. Madduri
Jacob D. Shelly
Qizhou Ge
Daniel Cohen
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW
Suite 400
Washington, D.C. 20002
(202) 968-4490

*Counsel for* Galmon *Movants-Appellants*

## CERTIFICATE OF ELECTRONIC SUBMISSION

I hereby certify that: (1) all required privacy redactions have been made in compliance with 5th Cir. Rule 25.2.13; (2) the electronic submission of this document is an exact copy of any corresponding paper document, in compliance with 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

*/s/ Abha Khanna*
Abha Khanna

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that counsel for Appellants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Abha Khanna*
Abha Khanna

## CERTIFICATE OF COMPLIANCE

This document contains 4,821 words, excluding parts exempted by Federal Rule of Appellate Procedure 32(f), and is in compliance with the Court's June 28, 2023, Directive, ECF No. 242. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Abha Khanna*
Abha Khanna