No. 24-30177

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

PHILLIP CALLAIS; LLOYD PRICE; BRUCE ODELL; ELIZABETH ERSOFF; ALBERT CAISSIE; DANIEL WEIR; JOYCE LACOUR; CANDY CARROLL PEAVY; TANYA WHITNEY; MIKE JOHNSON; GROVER JOSEPH REES; ROLFE MCCOLLISTER,

*Plaintiffs-Appellees,*

v.

NANCY LANDRY, in her official capacity as Louisiana Secretary of State,
*Defendant-Appellee,*

v.

STATE OF LOUISIANA,
*Intervenor-Defendant-Appellee,*

v.

PRESS ROBINSON; EDGAR CAGE; DOROTHY NAIRNE; EDWIN RENE SOULE; ALICE WASHINGTON; CLEE EARNEST LOWE; DAVANTE LEWIS; MARTHA DAVIS; AMBROSE SIMS; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE LOUISIANA STATE CONFERENCE; POWER COALITION FOR EQUITY AND JUSTICE,
*Intervenor-Defendants-Appellees,*

v.

EDWARD GALMON, SR.; CIARA HART; NORRIS HENDERSON; TRAMELLE HOWARD; ROSS WILLIAMS,
*Movants-Appellants.*

On Appeal from the United States District Court
for the Western District of Louisiana
(Case No. 3:24-cv-00122-DCJ-CES-RRS)

### ***GALMON* MOVANTS-APPELLANTS' OPPOSED MOTION TO STAY PROCEEDINGS PENDING CLARIFICATION BY SUPREME COURT**

*(Counsel listed on next page)*

- i -

J.E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road
Building One
Baton Rouge, Louisiana 70810
(225) 236-3636

Abha Khanna
ELIAS LAW GROUP LLP
1700 Seventh Avenue
Suite 2100
Seattle, Washington 98101
(206) 656-0177

Lalitha D. Madduri
Jacob D. Shelly
Qizhou Ge
Daniel Cohen
ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW
Suite 400
Washington, D.C. 20001
(202) 968-4490

*Counsel for* Galmon *Movants-Appellants*

## INTRODUCTION

When *Galmon* Movants noticed their appeal of the district court's denial of intervention on March 20, 2024, ROA.2140–2142—weeks before trial commenced on Plaintiffs' claims—there was no question that jurisdiction properly lied in this Court. *See United States v. Louisiana*, 669 F.2d 314, 315 (5th Cir. 1982) (holding that appeal from three-judge district court's denial of intervention was properly before Fifth Circuit where the district court had yet to decide merits of underlying case). Since then, however, the jurisdictional issue has become more complicated. After holding a preliminary injunction hearing combined with trial on the merits, the district court permanently enjoined S.B. 8 on April 30, 2024. ROA.3505. And shortly thereafter, Defendants noticed their direct appeals of that injunction to the Supreme Court, where proceedings are now pending. ROA.3640, ROA.3830.

The previous time that this scenario occurred—when an intervention appeal was pending in this Court while the merits of the underlying redistricting action were under direct review at the Supreme Court—this Court expressly determined that it *lacked* jurisdiction. *Hays v. State of La.*, 18 F.3d 1319, 1321 (5th Cir. 1994). Plaintiffs' merits brief,

however, argues that *Hays* was incorrectly decided, or perhaps nonbinding, and that this Court maintains *exclusive* jurisdiction of *Galmon* Movants' appeal. *See* Br. of Pls.-Appellees at 29–37, ECF No. 83 ("Pls.' Br."). Fortunately, this Court need not revisit this issue because the U.S. Supreme Court is likely to resolve any ambiguity in the coming weeks. Given the seemingly on-point language in *Hays*, *Galmon* Movants appealed the denial of their motion to intervene below (the same issue presently on appeal here) to the Supreme Court and filed a jurisdictional statement with that Court. Jurisdictional Statement, *Galmon v. Callais*, No. 24-111 (U.S. July 30, 2024). Plaintiffs have since argued in a motion to dismiss or affirm that jurisdiction properly lies in the Court of Appeals, Mot. to Dismiss or Affirm at 12–21, *Galmon v. Callais*, No. 24-111 (U.S. Sept. 3, 2024), and briefing on that motion will be submitted to the Supreme Court on September 17. One way or another, the high court will settle the jurisdictional issue in short order. Accordingly, *Galmon* Movants respectfully request that this Court stay consideration of this appeal until the Supreme Court resolves whether this Court has jurisdiction to proceed.

Plaintiffs oppose the motion. The Secretary of State and the State take no position on the motion.

**ARGUMENT**

Courts' "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A temporary stay here will avoid harm to all parties and serve interests of judicial economy, equity, and administrability. Consider the possible scenarios:

If this Court maintains jurisdiction of this appeal, proceeds to reach the merits of *Galmon* Movants' right to intervene below, and reverses the district court's denial of intervention, then *Galmon* Movants will be entitled to vacatur of any substantive orders—including entry of the permanent injunction—that were improperly entered during their absence. *See, e.g.*, *Edwards v. City of Houston*, 78 F.3d 983, 1006 (5th Cir. 1996) (reversing denial of intervention and remanding with order to reopen discovery and conduct new hearing); *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012) (reversing denial of intervention and remanding for new trial); *Cascade Nat. Gas Corp. v. El*

*Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967) (reversing denial of intervention and concluding that "the entire merits of the case must be reopened to give [intervenors] an opportunity to be heard as of right as intervenors" with instructions to hold de novo hearings).[1] That injunction, however, is currently stayed pending review by the Supreme Court. *See* ROA.3203. Thus, a favorable ruling in this appeal would moot a related appeal in the higher court—an admittedly unusual posture.

---

[1] Plaintiffs argue in their response brief that vacatur of the injunction would be inappropriate because *Galmon* Movants did not appeal the injunction. Never mind that the injunction was not entered until after *Galmon* Movants filed their opening brief, *Galmon* Movants are not asking this Court to review that injunction. *Contra* Pls.' Br. at 29, Joint Notice Regarding Appellee Br. at 2, ECF No. 84 ("Joint Notice"). Rather, they are asking this Court to remedy the erroneous denial of intervention, which requires returning them to the position they would have enjoyed if intervention had been granted as required by Rule 24.

The State and the Secretary, meanwhile, baselessly speculate in their response notice that vacatur is unnecessary because the district court would have been impervious to reaching a different result at trial if it were presented with different evidence, different witnesses, and different procedural tactics. *See* Joint Notice at 2. Maybe, or maybe not—*Galmon* Movants have a right to present their best case. The notice also emphasized the need for certainty on the map to be used for the 2024 elections. *Id.* But because the injunction of S.B. 8 has already been stayed (ensuring that S.B. 8 will be used for the 2024 elections), vacating that injunction would not change anything for this election cycle.

If this Court dismisses for apparent lack of jurisdiction (believing jurisdiction to lie in the Supreme Court), only for the Supreme Court to dismiss *Galmon* Movants' appeal *there* because it determines that jurisdiction properly lies in the Court of Appeals, *Galmon* Movants could be deprived altogether of their appeal as of right, despite incontrovertibly having timely filed their appeal in a court with jurisdiction. The surest way to avoid this calamity is to permit the Supreme Court to decide the jurisdictional question in the first instance. If the Supreme Court claims jurisdiction, then *Galmon* Movants will dismiss this appeal, and a stay will have ensured that no judicial resources were wasted in the interim. And if the Supreme Court disclaims jurisdiction, then the appeal will remain fully briefed in this Court and ready for submission.

Finally, Plaintiffs' preferred outcome—that this Court exercise jurisdiction and dismiss the appeal—would not only introduce the possibility of conflicting decisions from this Court and the Supreme Court but also conflict with binding Fifth Circuit precedent. None of Plaintiffs' efforts at interpreting statutory text or other judicial opinions gets around the fact that *Hays* remains directly on point. Even if *Hays* was wrongly decided, as Plaintiffs contend, a mistaken panel opinion remains

binding until it is reversed by this Court sitting en banc or by the Supreme Court. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021).² Because only the Supreme Court can consider the full range of jurisdictional arguments, unconstrained by panel precedent—and because the Supreme Court is already set to consider these issues soon—a stay pending that resolution is squarely in the interests of justice.

In sum, a stay will benefit all parties. Because district court proceedings have already been stayed pending resolution of the Supreme Court merits appeal, and because it has already been decided that S.B. 8 will be administered for the 2024 elections, there is no longer any exigency to resolve this appeal. Permitting this issue to play out in the Supreme Court will ensure that *Galmon* Movants receive an appellate audience for the errors they have identified below; it will provide Plaintiffs with an opportunity to argue for the reversal of *Hays*; and it will conserve resources this Court would otherwise expend to resolve the

---

² The only argument Plaintiffs offered against *Hays*'s precedential authority is that it allegedly conflicts with the prior panel opinion in *United States v. Louisiana*. That case, however, presented fundamentally different circumstances—a merits appeal was not simultaneously pending in the Supreme Court. *See* 543 F.2d 1125, 1126 (5th Cir. 1976).

jurisdictional issue and, possibly, the merits of *Galmon* Movants' appeal. Finally, a stay of proceedings is in the interest of justice because it is likely to be brief. *Galmon* Movants have already noticed their appeal to the Supreme Court and filed their jurisdictional statement, and briefing is underway on Appellees' motion to dismiss or affirm, which directly raises the jurisdictional issue. The Supreme Court's first task will be to determine where jurisdiction lies. No one will be harmed by a temporary pause to await that guidance.

## CONCLUSION

This Court should stay further consideration of this appeal until the Supreme Court confirms which court has jurisdiction.

Dated: September 10, 2024

J.E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road
Building One
Baton Rouge, Louisiana 70810
(225) 236-3636

Respectfully submitted,

By: */s/ Abha Khanna*
Abha Khanna
ELIAS LAW GROUP LLP
1700 Seventh Avenue
Suite 2100
Seattle, Washington 98101
(206) 656-0177

Lalitha D. Madduri
Jacob D. Shelly
Qizhou Ge
Daniel Cohen
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW
Suite 400
Washington, D.C. 20002
(202) 968-4490

*Counsel for* Galmon *Movants-Appellants*

## CERTIFICATE OF ELECTRONIC SUBMISSION

I hereby certify that: (1) all required privacy redactions have been made in compliance with 5th Cir. Rule 25.2.13; (2) the electronic submission of this document is an exact copy of any corresponding paper document, in compliance with 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

*/s/ Abha Khanna*
Abha Khanna

## CERTIFICATE OF CONFERENCE

On July 9, 2024 and again on September 6, 2024, counsel for *Galmon* Movants contacted counsel for each party regarding their position on this motion. Counsel for Plaintiffs represented that they oppose the motion. Counsel for Defendant Secretary of State and Intervenor-Defendant State of Louisiana represented that they take no position on the motion to stay.

>*/s/ Abha Khanna*
>Abha Khanna

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that counsel for Appellants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Abha Khanna*
Abha Khanna

# CERTIFICATE OF COMPLIANCE

This document contains 1,417 words, excluding parts exempted by Federal Rule of Appellate Procedure 32(f), and is in compliance with the Court's April 16, 2024, Directive, ECF No. 59. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Abha Khanna*
Abha Khanna
