# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 27, 2025
Lyle W. Cayce
Clerk

No. 24-30177

---

PHILLIP CALLAIS; LLOYD PRICE; BRUCE ODELL; ELIZABETH ERSOFF; ALBERT CAISSIE; DANIEL WEIR; JOYCE LACOUR; CANDY CARROLL PEAVY; TANYA WHITNEY; MIKE JOHNSON; GROVER JOSEPH REES; ROLFE MCCOLLISTER,

*Plaintiffs—Appellees*,

versus

NANCY LANDRY, *in her official capacity as Louisiana Secretary of State*,

*Defendant—Appellee*,

STATE OF LOUISIANA,

*Intervenor—Appellee*,

PRESS ROBINSON; EDGAR CAGE; DOROTHY NAIRNE; EDWIN RENE SOULE; ALICE WASHINGTON; CLEE EARNEST LOWE; DAVANTE LEWIS; MARTHA DAVIS; AMBROSE SIMS; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE LOUISIANA STATE CONFERENCE; POWER COALITION FOR EQUITY AND JUSTICE,

*Intervenors—Appellees*,

versus

EDWARD GALMON, SR.; CIARA HART; NORRIS HENDERSON; TRAMELLE HOWARD; ROSS WILLIAMS,

*Movants—Appellants.*

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:24-CV-122

_____

Before Higginbotham, Willett, and Ho, *Circuit Judges.*

Per Curiam:*

A group of black voters moved to intervene in litigation over the constitutionality of Louisiana Senate Bill 8, which created a second majority-black district. A three-judge court denied that motion. On appeal, the movants ask that we reverse the panel's decision, vacate whatever proceedings occurred without them, and remand so that they can defend their interests at all stages of the litigation. But the underlying merits of this case are already before the Supreme Court. So we dismiss for lack of jurisdiction.

# I.

The Louisiana Legislature enacted S.B. 8 in response to ongoing litigation over the state's previous Congressional map. *See, e.g.*, *Robinson v. Ardoin*, 86 F.4th 574 (5th Cir. 2023). S.B. 8 revises the previous electoral map, creating a second majority-black district.

A group of Louisiana voters filed suit against Louisiana Secretary of State Nancy Landry, challenging S.B. 8's constitutionality under the Equal Protection Clause of the Fourteenth Amendment. The case was then assigned to a three-judge court. *See* 28 U.S.C. § 2284(b) (requiring that a

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"district court of three judges" preside over actions challenging the constitutionality of Congressional district apportionment when requested).

The State of Louisiana and two groups of private litigants—various civil rights activists and organizations led by Press Robinson, and a coalition of black voters led by Edward Galmon, Sr.—moved to intervene and defend S.B. 8.

The three-judge court granted Louisiana's motion as a matter of right. It also permitted the Robinson defendants to intervene, but only in remedial phases of the litigation. It denied the Galmon movants' motion, reasoning that the Robinson defendants would adequately represent their interests.

The Robinson and Galmon litigants both moved for reconsideration. The court then granted the Robinson defendants' motion in part, permitting them to intervene at the liability stage of the proceedings as well. But the Galmon movants' motion was denied in full. The Galmon movants appealed.

The case went on without the Galmon movants. The participating parties completed the liability phase of the trial in April 2024. And the court permanently enjoined Louisiana from using S.B. 8 in any election.

The court scheduled an early May status conference to discuss the case's remedial phase. But before that conference, the court *sua sponte* reconsidered its denial of the Galmon movants' motion to intervene and ruled that they could now participate in the remedial phase.

Since then, Louisiana and the Robinson defendants have appealed the permanent injunction. *Louisiana v. Callais*, No. 24-109; *Robinson v. Callais*, No. 24-110. The Supreme Court found probable jurisdiction, consolidated the cases, and heard oral argument to consider the merits of the panel's injunction. *Robinson v. Callais*, 145 S. Ct. 434 (2024) (mem.). The Court also

denied a motion by the Galmon movants to intervene in the proceedings. *Louisiana v. Callais*, 145 S. Ct. 765, 765 (2024) (mem.).

## II.

In this appeal, the Galmon movants claim that they should have been permitted to intervene at the liability phase. They also claim that, for related reasons, we should vacate whatever proceedings occurred without them and remand so they can defend their interests at all phases of the litigation. We review these claims *de novo*. *See, e.g.*, *Trans Chem. Ltd. v. China Nat. Mach. Import and Export Corp.*, 332 F.3d 815, 822 (5th Cir. 2003).

But jurisdiction comes first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). And we lack jurisdiction to review the Galmon movants' claims.

Our precedent makes this conclusion clear. In *Hays v. Louisiana*, 18 F.3d 1319 (5th Cir. 1994), this court reviewed the denial of intervention in an action challenging a Louisiana redistricting plan. Before this court issued its decision, the district court enjoined Louisiana from enacting its redistricting plan, and Louisiana appealed to the Supreme Court. *Id.* at 1320. The case was thus "fragmented or split into pieces for purposes of appeal." *Id.* (citation omitted). This court ultimately concluded that it lacked jurisdiction over matters "properly on appeal before the Supreme Court" because any ruling "on the merits of the intervention order could cast a shadow or impinge upon the Supreme Court's functioning." *Id.* at 1321. So we dismissed the appeal. *Id.*

This case is nearly indistinguishable from *Hays*. The three-judge court initially denied the Galmon movants' motion to intervene. Before we could hear their appeal on that denial, the district court enjoined Louisiana from using S.B. 8 in future elections. And the Supreme Court heard oral

argument this week on the merits of S.B. 8's constitutionality without the Galmon movants, as the Court denied their motion to intervene. *Louisiana v. Callais*, No. 24-109, 2025 WL 581580, at *1 (U.S. Feb. 24, 2025). Were we to rule for the Galmon movants, we would effectively be overruling the Supreme Court and foisting these litigants upon it. That is far beyond our jurisdiction.

To be sure, elsewhere our court has held that we have jurisdiction to hear appeals from a denial of intervention by a three-judge court. *See*, *e.g.*, *United States v. State of Louisiana*, 543 F.2d 1125, 1128 (5th Cir. 1976). And the rule of orderliness favors an older case such as *State of Louisiana*. *See Arnold v. U.S. Dep't of Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000).

But those cases weren't fragmented. *Hays* was. And so is this case. So until our en banc court reexamines *Hays*, it controls here.

In short, this appeal is fragmented, and our decision will undermine the Supreme Court's adjudication of this case. We thus lack jurisdiction over this appeal.

This appeal is dismissed.

No. 24-30177

Patrick E. Higginbotham, *Circuit Judge*, concurring:

I concur with my able colleagues in denying relief to the Galmon movants. To these eyes, jurisdiction over the appeal of a denial of intervention by a three-judge court lies with this Court, with an attending obligation that we act with eyes to the clock of the appeal to the Supreme Court of the three-judge court's merits decision.[1] Whatever implication timeliness carries for jurisdiction, the Galmon movants' interests were fully represented. The premise of their desired intervention was *not* that their interests were unrepresented; it was that they would have done a better job than the Callais intervenors of presenting their shared interests. The three-judge court committed no error.

Given the relative infrequency of our convening three-judge federal district courts, I add this note to keep a light on the procedural trap lying within the shared appellate review of their decisions—denials of intervention by the courts of appeals and the merits by the Supreme Court. By their character, reviews of a denial of intervention must precede Supreme Court review of the merits.

---

[1] *United States v. Louisiana*, 543 F.2d 1125, 1126-27 (5th Cir. 1976). Review by this Court of the denial of intervention should be held before the full hearing of the three-judge district court. On March 20, 2024, the Galmon movants appealed their denial of intervention. A motions panel of this Court denied the Galmon movants' motion to expedite on March 26, 2024. The three-judge district court held a three-day merits hearing on April 8-10, 2024. *Callais v. Landry*, 732 F. Supp. 3d 574, 590 (W.D. La. 2024). The Supreme Court declined jurisdiction over the Galmon movants' denial of intervention in October 2024—and did not find probable jurisdiction over the merits appeal until November 2024. *Galmon v. Callais*, 145 S. Ct. 369 (2024) (mem.); *Louisiana v. Callais*, 145 S. Ct. 434 (2024) (mem.).